# **<u>EXHIBIT A</u>**

56791342.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CALIFORNIA PROTON TREATMENT CENTER, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-_____ (___)<br><br>**Re: Docket No. ___** |

### ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS

Upon the Debtor's Motion for Entry of an Order Authorizing Debtor to Pay Certain Prepetition Claims of Critical Vendors (the "***Motion***");[2] and upon consideration of the First-Day Declaration; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estates, its creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.   The Motion is granted as set forth herein.

2.   The Debtor is authorized, but not required, in its sole discretion, to pay the Critical Vendor Claims, *provided that* such payments shall not exceed the Payment Cap ($695,481) in the aggregate unless otherwise ordered by the Court after notice and a hearing.

3.   The Debtor is authorized, but not directed, in its sole discretion, to pay Critical Vendor Claims, in whole or in part, upon such terms and in the manner provided in this Order;

---

[1]  Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are: 9073. The location of the Debtor's place of business is 9730 Summers Ridge Road, San Diego, California 92121, Attn: Wilson Williams, Manager.

[2]  Capitalized terms used but not defined herein shall have the meaning assigned to such terms in the Motion.

*provided that*, if any party accepts payment hereunder and does not continue supplying goods or services to the Debtor in accordance with the Customary Trade Terms, then: (a) the Debtor may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition Critical Vendor Claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery of such payments by the Debtor, any prepetition Critical Vendor Claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtor to such party, the Debtor may elect, without further Court order, to recharacterize and apply any payment made pursuant to a Critical Vendor Claim paid to such party to such outstanding postpetition balance and such party will be required to repay to the Debtor such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid, and the Debtor expressly reserved its rights to contest the extent, validity, or perfection or seek avoidance of all such liens or related claims.  Payments made pursuant to this Order shall not be construed as an admission

as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

6. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Critical Vendor Claims.

7. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. Notwithstanding anything to the contrary herein, (a) any payments made, or to be made, by the Debtor pursuant to the authority granted in this Order, and any authorization contained in this Order, must be in compliance with, and shall be subject to, the requirements imposed on the Debtor under the Debtor's postpetition financing agreement and the terms and conditions of the interim or final orders approving the Debtor's postpetition financing agreement

and governing the Debtor's use of cash collateral, including the budget approved in connection therewith (in either case, the "**DIP Order**"), and (b) to the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2017
      Wilmington, Delaware

                                                UNITED STATES BANKRUPTCY JUDGE

56791342.2