# EXHIBIT C

# Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CALIFORNIA PROTON TREATMENT CENTER, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-_____ (___)<br><br>**Re: Docket No.** ___ |

**ORDER ON MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING MAINTENANCE OF DEBTOR'S EXISTING BANK ACCOUNT;**
**(II) AUTHORIZING USE OF EXISTING BUSINESS FORMS;**
**(III) AUTHORIZING USE OF CASH MANAGEMENT SYSTEM; AND**
**(IV) FINDING THE REQUIREMENTS OF 11 U.S.C. § 345(B) TO BE SATISFIED WITH RESPECT TO THE DEBTOR'S DEPOSIT PRACTICES**

Upon the Debtor's Motion for Entry of an Order: (i) Authorizing Maintenance of Existing Bank Accounts; (ii) Authorizing Use of Existing Business Forms; (iii) Authorizing Use of Cash Management System; and (iv) Finding the Requirement of § 11 U.S.C. 345(b) to be Satisfied with Respect to the Debtor (the "***Motion***")[2] and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted as provided herein;

---

[1] Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are: 9073. The location of the Debtor's place of business is 9730 Summers Ridge Road, San Diego, California 92121, Attn: Wilson Williams, Manager.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtor is authorized and directed to: (i) designate, maintain, and continue to use the Debtor's Account with the same account number, and to continue transactions in the ordinary course with the additional accounts established by Scripps or ORIX and which are identified in **Exhibits A** and **B** annexed to the Motion; (ii) if necessary, open new accounts wherever they are needed, whether or not such banks are designated depositories in the District of Delaware; and (iii) treat the Debtor's Account for all purposes as the account of the Debtor in its capacity as debtor in possession; provided, however, that the Debtor may only open new bank accounts with banks that agree to be bound by the terms of this Order and, in particular, the Debtor's cash management system.

3. The Debtor is authorized to continue to use its existing business forms and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them. To the extent that the Debtor opens or closes bank accounts, it shall provide notice to the United States Trustee and the pre- and post-petition lenders.

4. The Debtor is authorized and directed to continue to use its existing cash management system and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtor's cash management system, except as modified by this Order. In connection with the ongoing utilization of its cash management system, the Debtor shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

5. After the Petition Date, and subject to the terms of this Order, the banks are authorized and directed to continue to administer the Debtor's Account and the other Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, drafts, wires, or electronic funds transfers presented, issued, or drawn on the Debtor's Account or the other Bank Accounts on account of a claim arising on or after the Petition Date so long as sufficient funds are in said Bank Accounts; provided, further, that the Debtor's Account and the other Bank Accounts shall be administered in accordance with the Debtor's obligations under the debtor-in-possession credit agreement referenced in the DIP Motion; provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored.

6. Subject to the provisions of this Order, the banks are authorized and directed to honor all representations from the Debtor as to which check should be honored or dishonored.

7. The Debtor is authorized to continue to engage in transactions in the ordinary course of business with certain additional parties, including but not limited to Scripps and ORIX, in accordance with the Cash Management System and subject to the DIP Order (defined below).

8. The Debtor shall serve a copy of this Order on all of the banks within five (5) business days of the entry of this Order.

9. The Debtor is hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The Debtor is otherwise authorized to deposit funds in accordance with its established deposit practices in effect as of the commencement of these cases and, such deposit

practices are consistent with the requirements of section 345(b) of the Bankruptcy Code and the U.S. Trustee Operating Guidelines for Chapter 11 Cases.

11. To the extent applicable, the Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12. The (i) the fourteen-day stay under Fed. R. Bankr. P. 6004(h) is hereby waived with respect to this Order, and (ii) the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The requirements of Bankruptcy Rule 6004(a) are waived.

14. Notwithstanding anything to the contrary herein, (a) any payments made, or to be made, by the Debtor pursuant to the authority granted in this interim order, and any authorization contained in this interim order, must be in compliance with, and shall be subject to, the requirements imposed on the Debtor under the Debtor's postpetition financing agreement and the terms and conditions of the interim or final orders approving the Debtor's postpetition financing agreement and governing the Debtor's use of cash collateral, including the budget approved in connection therewith (in either case, the "**DIP Order**"), and (b) to the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

15. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated _____, 2017  
      Wilmington, DE                                         United States Bankruptcy Judge