# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CALIFORNIA PROTON TREATMENT CENTER, LLC,[1] | Case No. 17-10477 (LSS) |
| Debtor. | |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF CAIN BROTHERS & COMPANY, LLC AS INVESTMENT BANKER TO THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

California Proton Treatment Center, as a debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), hereby files its *Application for Entry of an Order Authorizing Retention and Employment of Cain Brothers & Company, LLC as Investment Banker to the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (this "**Application**"), and respectfully states as follows:

### Relief Requested

1.     The Debtor seeks entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") authorizing it to employ and retain Cain Brothers & Company, LLC ("**Cain Brothers**") as its investment banker as of the Petition Date on the terms set forth in the Engagement Letter (as defined below).

### Jurisdiction and Venue

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

---

[1]     Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are 9073. The location of the Debtor's place of business and its address for notice purposes is 9730 Summers Ridge Rd., San Diego, CA 92121, Attn: Wilson Williams, Manager.

3.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtor confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), to the entry of a final order by this Court in connection with this Motion, to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1408.

5.     The bases for the relief requested in this Motion are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), Rules Rules 2014 and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 2016-2.

## General Background

6.     The Debtor operates an approximately 100,000 square-foot, purpose-built proton therapy facility in San Diego, California (the "***Proton Center***").

7.     A detailed description of the Debtor's business, and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case (the "***Chapter 11 Case***"), is set forth in greater detail in the *Declaration of J. Jette Campbell, in Support of Chapter 11 Petitions and First-Day Motions* (the "***First-Day Declaration***"), filed on March 1, 2017 and incorporated herein by reference.  In further support of this Application, the Debtor submits the Declaration of James Moloney, a Managing Director of Cain Brothers (the "***Cain Brothers Declaration***"), a copy of which is attached hereto as **Exhibit B**, and incorporated herein by reference.

8.     On March 1, 2017 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and

managing its property as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

9.       No request for the appointment of a trustee or an examiner has been made in this chapter 11 case, and no committees have been appointed or designated.

## Basis for Relief

10.       Under §§ 327 and 328 of the Bankruptcy Code, a trustee, debtor in possession and committee appointed under § 1102 of the Bankruptcy Code may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist such parties in carrying out their duties under the Bankruptcy Code. Section 328(a) provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.  Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

11.       Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

12.       By this Application, the Debtor requests that the Court approve the compensation arrangements described in the Engagement Letter pursuant to § 328(a) of the Bankruptcy Code.

The compensation arrangements contained in the Engagement Letter inure to the benefit of the Debtor's estate as they provide the proper inducement for Cain Brothers to act expeditiously and prudently with respect to the matters for which it will be employed.

## I.      Necessity

13.      Cain Brothers has been preparing for this engagement since February 2017 by reviewing information about the Debtor, its operations, its financial challenges, as well as planning for an efficient and effective sale process.  In connection with this chapter 11 filing, the Debtor executed an engagement letter with Cain Brothers, dated as of February 28, 2017 (the "***Engagement Letter***"), a copy of which is attached to the Cain Brothers Declaration as **Exhibit B.1**, and incorporated herein by reference.  The engagement will require Cain Brothers to act as the Debtor's exclusive investment banker with respect to, inter alia, evaluating potential sales of the Debtor's assets (a "***Sale Transaction***") and other strategic alternatives.

14.      Since its retention, Cain Brothers has worked diligently to prepare for the matters for which it is to be engaged and, as a result, has become uniquely situated to assist the Debtor. As stated above, Cain Brothers has been working with the counsel and the financial advisors to the Debtor since February 2017 and is familiar with the books, records, financial affairs, and other data maintained by the Debtor and is well qualified to provide investment banking services to the Debtor.  Cain Brothers is also familiar with the Debtor's capital structure and material agreements and many of the potential financial and legal issues that may arise in the context of selling assets in this Chapter 11 Case.  Accordingly, retaining Cain Brothers is an efficient and cost effective manner in which the Debtor may obtain necessary investment banking services.

15.      An experienced investment banker such as Cain Brothers fulfills a critical need that complements the services offered by the Debtor's other restructuring professionals.  The Debtor desires to employ Cain Brothers to act as the Debtor's investment banker postpetition

102704845\V-2
57575844.1

because, among other reasons, Cain Brothers focuses exclusively on the healthcare sector, has substantial expertise in the sale, merger and financing of troubled healthcare businesses, prepetition experience with the Debtor's operations and issues, and is well qualified to perform investment banking services to advance the Debtor's interests in the Chapter 11 Case. Absent the retention of Cain Brothers as of the Petition Date, the Debtor will suffer immediate and irreparable harm because the services provided by Cain Brothers are necessary to an effective and efficient resolution of this Chapter 11 Case.

## II.    No Duplication of Services

16.    The Debtor intends that the services of Cain Brothers will complement, and not duplicate, the services to be rendered by Carl Marks Advisory Group LLC, the Debtor's financial advisor, or any other professional retained in this Chapter 11 Case. Cain Brothers understands that the Debtors may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by such professionals on behalf of the Debtors.

## III.    Qualifications

17.    Cain Brothers is an investment banking firm involved in a wide range of investment banking services focused on mergers, acquisitions, joint-ventures and other change of control transactions as well as capital raising services. Cain Brothers is a private investment banking firm with reported revenue in the range of $50-100 million during 2016, and always maintains sufficient excess regulatory capital to sustain its business. Cain Brothers was founded more than 30 years ago and since its founding has been focused exclusively on the health care industry. Currently, Cain Brothers has approximately 80 investment banking professionals and is headquartered in New York, NY with a major office in San Francisco and additional locations in Chicago, IL and Houston, TX.

102704845\V-2
57575844.1

18.     Cain Brothers' primary banking focus is on mergers, acquisition and other change of control transactions having advised clients on more than 140 M&A transactions in the health care sector since the beginning of 2012.   Cain Brothers has been involved as advisors with respect to financial restructurings, capital raising, mergers, acquisitions, divestitures and other advisory assignments.   Its investment banking professionals apply expert technical, analytical and negotiating skills to structure transactions and resolve situations in which multiple stakeholders frequently have conflicting interests and objectives.   Cain Brothers' senior bankers are actively involved in the day-to-day activities throughout engagements from the initial planning of the sale strategy through the negotiation and execution of each transaction.

19.     Cain Brothers' professionals have become familiar with the Debtor's operations, creditors, business, debt structure, and other matters.   Moreover, Cain Brothers has developed significant relevant experience and expertise regarding the oncology segment of the health care sector generally and familiar with the Proton Therapy business specifically.

20.     Cain Brothers has extensive experience in the healthcare space and has earned a reputation for being a leading healthcare investmebnt banking firm.   Cain Brothers professionals have significant experience in marketing financially challenged healthcare businesses, including cases in which we managed transactions that were resolved pursuant to Section 363 of the Bankruptcy Code.   Moreover, Cain Brothers extensive healthcare sector experience includes being involved as advisors with respect to the raising of capital, mergers, acquisitions, and divestitures for companies in this space.   Accordingly, Cain Brothers and the professionals it employs are well qualified to represent the Debtor in the matters for which Cain Brothers is proposed to be employed.

102704845\V-2
57575844.1

## IV.    <u>Services to be Rendered</u>

21.    Cain Brothers is being retained to perform the following financial advisory and/or investment banking services, as set forth in the Engagement Letter and described below:

*a.*    Developing a strategy for a sale process of the Debtor;

*b.*    Developing a list of prospective purchasers of the Debtor;

*c.*    Work with and cooperate with counsel and other professional advisors of the Debtor;

*d.*    Prepare the marketing materials (as amended and supplemented from time to time, the "***Marketing Materials***");

*e.*    Contacting and soliciting interest from prospective parties to a Transaction (as defined in the Engagement Letter);

*f.*    Assist in preparing due diligence material and monitoring an electronic data room;

*g.*    Review and analyze first round bids for the Company and negotiate with prospective parties to a Transaction;

*h.*    Assist the Company and appointed legal counsel in discussions and negotiations of formal Transaction agreements;

*i.*    Assist the Company and management in completing any regulatory approval processes;

*j.*    Provide regular and timely updates to the Company regarding the Transaction process;

*k.*    Assist counsel in their discussions with, creditors, DIP lenders and other interested parties; and

*l.*    Take other actions as reasonably requested by the Chief Restructuring Officer and counsel and agreeable to Cain Brothers to complete the Transaction.

## V.    **Fees and Expenses**

22.    Cain Brothers' engagement with the Debtor is conditioned upon the ability to be retained in accordance with the Engagement Letter.  Cain Brothers intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in

connection with this case, consistent with the proposed compensation set forth in the Engagement Letter and summarized hereinafter.  Further, because the Debtor is seeking to retain Cain Brothers under Section 328(a) of the Bankruptcy Code, the Debtor maintains that Cain Brothers' compensation should not be subject to review under Section 330 of the Bankruptcy Code.

23.    As compensation for Cain Brothers' services, the Debtor has agreed to pay Cain Brothers on the following terms:

(i)    Retainer Fee: The Debtor will pay Cain Brothers an initial retainer of $75,000 upon the Debtor's signing of the Engagement Letter (the "*Retainer*").

(ii)    Monthly Fee: Commencing on April 1, 2017, the Debtor will pay Cain Brothers in cash an advisory fee of $50,000 per month for the term of the engagement, payable on the first day of each month.

(iii)    Transaction Fee in the Event of a Credit Bid: If a Transaction is consummated via a credit bid, then the Debtor shall pay Cain Brothers in cash, upon the closing of such Transaction by wire transfer payable to Cain Brothers in immediately available funds at such closing, a Transaction Fee equal to $500,000.

(iv)    Transaction Fee Other Than Through a Credit Bid:  If a Transaction is consummated other than through a credit bid, then the Debtor shall pay Cain Brothers in cash, upon the closing of such Transaction by wire transfer payable to Cain Brothers in immediately available funds at such closing, a Transaction Fee equal to the greater of $750,000 or 1% of the Aggregate Transaction Value (as defined in the Engagement Letter).

(v)    Break-Up Fee: If after a proposal solicitation process has been completed in which a letter of intent in connection with a Transaction is presented to the Debtor, and the Debtor elects not to pursue the Transaction or cannot agree to pursue the Transaction, upon such determination, the Debtor shall pay Cain Brothers a break-up fee of $200,000.

(vi)    Reimbursement: The Debtor agrees to reimburse Cain Brothers for reasonable out-of-pocket expenses, including legal, consultant, and advisor fees, (the "*Expenses*") incurred by Cain Brothers in connection with the Engagement Letter, including any such expenses arising from Cain Brothers being requested or required to testify in any legal or regulatory proceeding. Expenses generally include travel costs, document production, and other customary expenses typical for this type of transaction.  Such Expenses shall

be reimbursable whether or not a Transaction contemplated by the Engagement Letter is consummated.

24.     The fee structure outlined in the Engagement Letter and summarized above is consistent with the typical arrangement Cain Brothers and other firms enter into when rendering similar services under similar circumstances, and is the product of arm's-length negotiations. The fee structure is consistent with Cain Brothers' practices and no less favorable than the fee structure customarily employed by Cain Brothers and generally accepted by its clients.  The Debtor believes that the fee structure is reasonable, market-based and designed to compensate Cain Brothers for its work in a fair and equitable manner.  The Debtor believe that the benefit of Cain Brothers' services cannot be measured by reference to number of hours to be expended by Cain Brothers' professionals.  In agreeing to seek Cain Brothers' retention under Section 328(a) of the Bankruptcy Code, the Debtor acknowledges that it believes that Cain Brothers' general experience and expertise and its merger and acquisition capabilities will inure to the benefit of the Debtor in pursuing a Transaction, that the value to the Debtor of Cain Brothers' services derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the fees, is reasonable regardless of the number of hours to be expended by Cain Brothers' professionals in the performance of the services to be provided hereunder, and that the deferred fees shall not be considered to be "bonuses" or fee enhancements under applicable law.

25.     Accordingly, Cain Brothers and the Debtor have agreed to a fee structure in anticipation that a substantial commitment of professional time and effort will be required, and in light of this fact that (a) Cain Brothers' sizable commitment to the instant matters may foreclose other opportunities that would otherwise be available to Cain Brothers, and (b) the actual time commitment required by Cain Brothers may vary considerably throughout the proceedings.  Cain

Brothers will maintain records to support and document actual and necessary costs and expenses incurred in connection with its services in this Chapter 11 Case.

## VI.    Indemnification

26.    The Debtor has agreed to indemnify Cain Brothers and each of its affiliates and the respective directors, officers, managers, members, partners, controlling persons, agents, counsel and employees of Cain Brothers or any of its affiliates in accordance with the indemnification provisions set forth pursuant to the Engagement Letter and Annex A to the Engagement Letter.

27.    The indemnification and contribution provisions reflected in the Engagement Letter are customary and reasonable terms of consideration for investment banks such as Cain Brothers for proceedings both out of court and in Chapter 11.   The terms of the Engagement Letter and the indemnification and contribution provisions therein, were fully negotiated between the Debtor and Cain Brothers at arm's-length, and the Debtor respectfully submits that the Engagement Letter and the terms therein are customary, reasonable, and in the best interests of the Debtor, the estate, and the creditors.   *See, e.g.*, *In re Foamex Int'l Inc.*, Case No. 05-12685 (PJW) (Bankr. D. Del. Oct. 18, 2005 (order authorizing retention of Miller Buckfire on similar terms); *In re Comdisco, Inc.*, Case No. 02-C-1174 (N.D. Ill. Sept. 23, 2002 (order affirming order authorizing indemnification of Lazard Frerez & Co. LLC and Rothschild, Inc. by Debtor and official committee of unsecured creditors); *In re United Artists Theatre Co.*, Case No. 00-3514 (Bankr. D. Del. Dec. 1, 2000) (order authorizing indemnification of Houlihan Lokey by debtors).

28.    Accordingly, the Debtor requests that the Court approve the Engagement Letter and the indemnification and contribution provisions contained therein in Annex A.

102704845\V-2
57575844.1

## VII.    Conflicts

29.    To the best of the Debtor's knowledge, information, and belief, and based upon the Singh Declaration, Cain Brothers is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

30.    As described in detail in the Cain Brothers Declaration, Cain Brothers has, among other things, searched its client databases to determine whether it represents, or has represented, certain of the Debtor's creditors or other parties in interest in these proceedings, and/or matters wholly unrelated to these proceedings, and all potential associations are listed in the Cain Brothers Declaration.  Due to the size of Cain Brothers, its healthcare sector focus, and the healthcare aspects of this Chapter 11 Case however, Cain Brothers may have represented certain of the Debtor's creditors or other parties in interest in matters wholly unrelated to this Chapter 11 Cases.  Except as may be described in the Cain Brothers Declaration, Cain Brothers does not, to its knowledge, represent any party with an interest materially adverse to the Debtor or the estate.

### Notice

31.    Concurrent with the filing of this Application, the Debtor is providing notice of the Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the administrative agent, and counsel for the administrative agent, for the Debtor's prepetition and postpetition secured lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the California Franchise Tax Board; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.

32.    The Debtor respectfully submits that, in like of the nature of the relief requested and the circumstances, no other or further notice need be given.

102704845\V-2
57575844.1

## No Prior Request

33.    No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully request that the Court enter an order, in substantially the form attached as **Exhibit A** hereto: (i) authorizing the Debtor to employ and retain Cain Brothers as investment banker *nunc pro tunc* as of the Petition Date; (ii) approving the terms of employment set forth in the Engagement Letter, pursuant to the provisions of Bankruptcy Code § 327(a) and Bankruptcy Rule 2014; (iii) approving the compensation of Cain Brothers at the expense of the Debtor's estate on the terms set forth in the Engagement Letter, pursuant to the provisions of Bankruptcy Code § 328(a), and Bankruptcy Rule 2016; (iv) excusing Cain Brothers from maintaining time records with respect to the services to be rendered by Cain Brothers in this case; and (v) granting such other and further relief as is just and proper.

Dated: March 10, 2017
      Wilmington, Delaware

CALIFORNIA PROTON TREATMENT CENTER, LLC

*/s/ J. Jette Campbell*
Name: J. Jette Campbell
Title:  Chief Restructuring Officer

12