# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CALIFORNIA PROTON TREATMENT CENTER, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-10477 (LSS) |
| CALIFORNIA PROTON TREATMENT CENTER, LLC,<br><br>Plaintiff,<br>v.<br><br>SCRIPPS CLINIC MEDICAL GROUP, INC.<br><br>Defendant. | Adv. Pro. No. 17-50330 (LSS) |

## PLAINTIFF'S MOTION TO FILE ADVERSARY COMPLAINT AND RELATED EXHIBITS UNDER SEAL

Plaintiff California Proton Treatment Center, LLC, as a debtor and debtor in possession in the above-captioned chapter 11 case (the "*Debtor*") and as Plaintiff in this adversary proceeding against Defendant Scripps Clinic Medical Group, Inc. ("*Scripps*"), hereby files this *Motion to File Adversary Complaint and Related Exhibits Under Seal* (the "*Motion*"), and respectfully states as follows:

### Relief Requested

1. The Debtor seeks entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the Debtor to file the Adversary Complaint against Scripps (the "*Complaint*"), and Exhibits A, D, and E thereto, under seal.

---

[1] Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are: 9073. The location of the Debtor's place of business and its address for notice purposes is 9730 Summers Ridge Rd., San Diego, CA 92121, Attn: Wilson Williams, Manager.

1

**Jurisdiction and Venue**

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, date February 29, 2012.

3.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtor confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), to the entry of a final order by this Court in connection with this Motion, to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1408.

5.  The bases for the relief requested in this Motion are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 9018-1.

**General Background**

6.  The Debtor operates an approximately 100,000 square-foot, purpose-built proton therapy facility in San Diego California (the "***Facility***").

7.  Detailed descriptions of the Debtor's business, chapter 11 case (the "***Chapter 11 Case***"), and previously filed motions are set forth in greater detail in the *Declaration of J. Jette Campbell, in Support of Chapter 11 Petitions and First-Day Motions* (the "***First-Day Declaration***"). The First-Day Declaration was filed in the underlying Chapter 11 Case on March 1, 2017, and is incorporated herein by reference.

8. On March 1, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

9. No request for the appointment of a trustee or an examiner has been made in this Chapter 11 Case, and no committees have been appointed or designated.

10. On the date hereof, the Debtor initiated the above-captioned adversary proceeding against Scripps by filing a redacted version of the Complaint with Exhibits A, D, and E omitted.

11. In its Complaint, the Debtor seeks declaratory and related relief in connection with the parties' rights and obligations under certain agreements between them. The agreements at issue contain confidentiality clauses that may be argued to encompass some of the allegations and exhibits contained in the Complaint.

## Basis for Relief

12. Bankruptcy Code section 107(b) authorizes this Court to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. Specifically, section 107(b)(1) provides that "[o]n request of a party in interest, the bankruptcy court shall protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

13. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re*

*Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the movant need only demonstrate that the material to be protected satisfies a category identified in section 107(b)(1).

14. Bankruptcy Rule 9018 further provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018.

15. Attached as Exhibit A to the Complaint is an agreement between the Debtor and Scripps that is defined in the Complaint as the "Services Agreement" (the "**Services Agreement**"). The Services Agreement contains a confidentiality clause (the "**Confidentiality Clause**") that requires the Services Agreement and all confidential information (as defined in the Services Agreement) to be kept confidential. The Confidentiality Clause further prohibits public disclosure of the Services Agreement and all confidential information.

16. Attached as Exhibit D to the Complaint is an agreement between the Debtor, the Debtor's pre-petition lenders (the "**Lenders**"), and Scripps that is defined in the Complaint as the "Multi-Party Agreement" (the "**Multi-Party Agreement**"). The Multi-Party Agreement contains multiple exhibits, including the Services Agreement, that are marked as confidential information.

17. Attached as Exhibit E to the Complaint is a copy the initial budget that also appears as an exhibit to the Services Agreement—denominated there as "Exhibit D." This budget information in Exhibit E falls within the Confidentiality Clause.

18. The Complaint includes quotations from both the Multi-Party Agreement and the Services Agreement that may be argued to be subject to the Confidentiality Clause of the Services Agreement.

19. Consistent with the Services Agreement and the Multi-Party Agreement, the Debtor is therefore seeking leave to file a redacted version of the Complaint, and to submit under seal the unredacted Complaint and Exhibits A, D, and E. In so doing, the Debtor seeks to comply with its obligations under the Confidentiality Clause. The Debtor takes no position as to which portions of the Services Agreement and the Multi-Party Agreement are confidential and proprietary, and leaves it to Scripps, the Office of the United States Trustee, and any other parties in interest to set forth their respective positions on this issue.

20. Accordingly, pursuant to 11 U.S.C. § 107(b)(1) and Bankruptcy Rule 9018, the Debtor respectfully requests this Court to permit it to submit under seal the unredacted Complaint and Exhibits A, D, and E to the Complaint, and to file a redacted version of the Complaint without Exhibits A, D, and E.

## Prayer

WHEREFORE, the Debtor respectfully requests that this Court grant the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

|  |  |
|---|---|
| Dated: March 21, 2017<br>Wilmington, Delaware | Christopher A. Ward (Del. Bar No. 3877)<br>Justin K. Edelson (Del. Bar No. 5002)<br>POLSINELLI PC<br>222 Delaware Ave., Ste. 1101<br>Wilmington, DE 19801<br>Telephone: (302) 252-0922<br>Fax: (302) 252-0921<br>Email:  cward@polsinelli.com<br>           jedelson@polsinelli.com<br><br>- and -<br><br>David W. Wirt (*admitted pro hac vice*)<br>Jonathan W. Young (*admitted pro hac vice*)<br>Aaron C. Smith (*admitted pro hac vice*)<br>Phillip W. Nelson (*admitted pro hac vice*)<br>Brian A. Raynor (*admitted pro hac vice*)<br>LOCKE LORD LLP<br>111 S. Wacker Drive<br>Chicago, Illinois  60606-4410<br>Telephone: (312) 443-0700<br>Fax: (312) 443-0336<br>Email:  dwirt@lockelord.com<br>           jonathan.young@lockelord.com<br>           asmith@lockelord.com<br>           phillip.nelson@lockelord.com<br>           braynor@lockelord.com<br><br>- and -<br><br>David L. Swanson *(admitted pro hac vice)*<br>LOCKE LORD LLP<br>2200 Ross Ave., Ste. 2800<br>Dallas, Texas<br>Telephone: (214) 740-8000<br>Fax: (214) 740-8800<br>Email:  dswanson@lockelord.com<br><br>*Counsel to the Plaintiff/Debtor* |