## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re:                                                      :          Chapter 11

                                                            :

CALIFORNIA PROTON TREATMENT                                 :

CENTER, LLC,[1]                                             :          Case No.: 17-10477 (LSS)

                                                            :

Debtor.                                                     :

-----------------------------------------------------------x

## APPLICATION OF PATIENT CARE OMBUDSMAN FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BUCHANAN INGERSOLL & ROONEY PC AS HER DELAWARE COUNSEL, EFFECTIVE AS OF APRIL 1, 2017

Melanie L. Cyganowski, the Patient Care Ombudsman (the "**Ombudsman**") appointed in the above-captioned chapter 11 case (the "**Case**") of California Proton Treatment Center, LLC (the "**Debtor**"), hereby files this application (the "**Application**") for entry of an order, pursuant to sections 105, 330 and 333 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "**Local Rules**"), for entry of an order authorizing the retention and employment of the law firm Buchanan Ingersoll & Rooney PC ("**BIR**") as Delaware counsel to the Ombudsman effective as of April 1, 2017. The facts and circumstances supporting this Application are set forth herein and in the Verified Statement of Mary F. Caloway (the "**Caloway Verified Statement**"), which is attached here to as **Exhibit "A"** and incorporated herein by reference. In further support of this Application, the Ombudsman respectfully states as follows:

---

[1]     The last four digits of the Debtor's federal tax identification number are 9073. The location of the Debtor's place of business and its address for notice purposes is: 9730 Summers Ridge Rd., San Diego, CA 92121, Attn: Wilson Williams, Manager.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.  This is core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105, 330, 333 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rule 2014-1.

## BACKGROUND

4.      On March 1, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 the Bankruptcy Code.

5.      On March 10, 2017, the Bankruptcy Court entered an Order directing the appointment of a patient care ombudsman under section 333 of the Bankruptcy Code [D.I. 78].

6.      On March 16, 2017, the Office of the United States Trustee for Region 3 (the "**Trustee**") filed a notice appointing Melanie L. Cyganowski as the Ombudsman in this Case [D.I. 83].

7.      On April 4, 2017, the Ombudsman caused to be filed the Application of Patient Care Ombudsman for Entry of an Order Authorizing the Retention and Employment of Otterbourg P.C. ("**Otterbourg**") as her Counsel, Effective as of March 16, 2016 [D.I. 123].

## RELIEF REQUESTED

8.      By this Application, the Ombudsman respectfully requests that the Court enter an Order authorizing the Ombudsman to employ and retain BIR as her Delaware attorneys effective as of April 1, 2017.

## SERVICES TO BE RENDERED

9.      The services that the Ombudsman expects BIR to render, include, but shall not be limited, to the following:

      a.      representing the Ombudsman, with Otterbourg, in any proceeding or hearing before the Court, and in any action in other courts where the rights of the patients may be litigated or affected as a result of the Case;

      b.      assisting Otterbourg in advising the Ombudsman concerning the requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules and the requirements of the Office of the United States Trustee relating to the discharge of her duties under Section 333 of the Bankruptcy Code;

      c.      preparing and filing applications to retain any other professionals of behalf of the Ombudsman and any related monthly, interim or final fee applications;

      d.      performing such other legal services as may be required under the circumstances of this Case in accordance with the Ombudsman's powers and duties as set forth in the Bankruptcy Code.

10.      Subject to this Court's approval of this Application, BIR has indicated that it is willing to serve as the Ombudsman's Delaware counsel in this Case and perform the services described above.

## DISINTERESTEDNESS OF PROFESSIONALS

11.      As set forth in greater detail in the Caloway Verified Statement, and to prepare this Application, BIR completed a detailed conflicts check by comparing against its client database all the names set forth on **Schedule "1"** of the Caloway Verified Statement (the **"Potentially Interested Parties"**).

12.      To the best of the Ombudsman's knowledge, based upon the Caloway Verified Statement, BIR (a) does not hold or represent any interest adverse to the Debtor or its estate, its creditors, or any other party in interest and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13.    To the best of the Ombudsman's knowledge, (a) BIR's connections with those parties listed as Potentially Interested Parties are disclosed in the Caloway Verified Statement and (b) the BIR attorneys and other professionals who will work on this matter are not relatives of the Honorable Laurie Selber Silverstein, the United States Trustee for Region 3, or any person employed in the Wilmington, Delaware Office of the United States Trustee.

## PROFESSIONAL COMPENSATION

14.    Subject to this Court's approval, and in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, orders of the Court and rules and other procedures that may be fixed by the Court, the Ombudsman requests that BIR's attorneys be compensated on an hourly basis, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.  BIR has advised the Ombudsman that it intends to seek compensation for all time and expenses associated with the preparation of any applications to retain professionals, on behalf of the Ombudsman, including the preparation of this Application and related documents, and the preparation of monthly, interim or final fee applications for any professional retained by the Ombudsman, including BIR.

15.    In addition, the Ombudsman requests that BIR be reimbursed for any actual and necessary expenses incurred in representing the Ombudsman, including, but not limited to, business meals, photocopies, word processing, courier service, computer assisted research, docket and court filing fees, mail and express mail charges, messenger charges, document processing, telecommunications, travel, court reporting charges, and any other non-ordinary overhead expense such as overtime for secretarial personnel and other staff and any other incidental costs advanced by BIR specifically for the representation of the Ombudsman, at the rates commonly charged for such costs to the other BIR clients.

16.     The hourly rates of BIR professionals that will be working on this matter are as follows:

|  |  |
|---|---|
| Mary F. Caloway (Shareholder) | $650 |
| Kathleen A. Murphy (Associate) | $415 |
| Annette Dye (Legal Assistant) | $100 |

17.     The hourly rates set forth above are BIR's general hourly rates for work of this nature and are consistent with the customary compensation charged by comparably skilled attorneys at BIR in non-bankruptcy matters. BIR will also charge the Debtor's estate for reimbursable expenses in a manner and at rates consistent with charges made generally to BIR's other clients. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other than as set forth herein, there is no proposed arrangement to compensate BIR.

18.     BIR has not agreed to share: (a) any compensation it may receive with another party or person, other than with the members and associates of BIR; or (b) any compensation another person or party has received or may receive in connection with the Debtor's chapter 11 case.

## BASIS FOR RELIEF

19.     Courts in this district and others have approved the engagement of professionals, specifically attorneys, by the court appointed patient care ombudsman pursuant to sections 330 and 333 of the Bankruptcy Code. *See In re ICL Holding Company Inc., et al.*, Case No. 12-13319 [dkt. no. 511] (Bankr. D. Del., Mar. 12, 2013) (authorizing retention of counsel); *In re Meridian Behavioral Health LLC*, Case No. 11-10860 [dkt. no. 131] (Bankr. S.D.N.Y. May 31, 2011) (same); *In re New York Westchester Square Medical Center*, Case No. 06-13050 [dkt. no. 98] (Bankr. S.D.N.Y. Feb. 26, 2007) (same); *In re Upland Surgical Institute*, Case No. 06-11298

[dkt. no. 54] (Bankr. C.D. Cal. Nov. 14, 2006) (same); *In re Brotman Medical Center, Inc.*, Case No. 07-19705 [dkt. no. 591] (Bankr. C.D. Ca., June 4, 2008) (same); *In re Downey Regional Medical Center*, Case No. 09-34714 [dkt. no. 246] (Bankr. C.D. Ca., Dec. 2, 2009) (same).

20.     Furthermore, section 330 of the Bankruptcy Code provides that the Court may award an ombudsman appointed under section 333 "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person." Section 333 grants bankruptcy court authority to compensate the professionals of the Ombudsman.

21.     Other authority exists to grant this Application and approve counsel for the Ombudsman. The appointment of a patient care ombudsman is analogous to the appointment of an examiner, and, in many cases, courts have routinely authorized examiners to employ professionals notwithstanding the absence of express authorization in the Bankruptcy Code for such employment, pursuant to section 105 of the Bankruptcy Code. *See, e.g., In re Tribune Co.*, Case No. 08-13141 [dkt no. 4498] (Bankr. D. Del., May 19, 2010); *In re Enron*, Case No. 01-16034 [dkt no. 2463] (Bankr. S.D.N.Y., Mar. 27, 2002) (allowed examiner to retain professionals); *In re Tighe Mercantile, Inc.*, 62 B.R. 995, 1000 (Bankr. S.D. Ca. 1986) ("This Court holds that in appropriate circumstances, a bankruptcy court may rely on § 105(a) to authorize examiners to employ professional persons."); 7 Collier on Bankruptcy, ¶ 1104.03[5], at 1104-49-50 (16th ed. Rev. 2016) (Recognizing that, although the Bankruptcy Code does not expressly authorize examiners to retain professionals to assist in investigations, "it may be preferable to authorize an examiner to retain professionals when necessary for a complete investigation.").

22.     This Application should be granted by the Court to allow the Ombudsman to employ counsel to assist her in the fulfillment of her duties in this Case. *See generally* 3 Collier on Bankruptcy, ¶ 333.05[1], at 333-01 (16th ed. rev. 2016) ("If the healthcare business is large or complicated, the ombudsman could be expected to retain professionals to assist in the discharge of the ombudsman's duties.")

## REQUEST FOR APPROVAL OF BIR, EFFECTIVE AS OF APRIL 1, 2017

23.     The Ombudsman requests that BIR's retention be approved effective as of April 1, 2017 to allow BIR to be compensated for the work it has performed for the Ombudsman prior to the Court's consideration and approval of this Application.  The Ombudsman submits that under the circumstances, retroactive approval is warranted, given that, shortly after the Ombudsman's appointment, BIR has reviewed the Case generally, advised Otterbourg and the Ombudsman with respect to matters requiring immediate attention in the Case.  The Ombudsman submits that under the circumstances, retroactive approval is warranted. *See e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

## NO PRIOR REQUEST

24.     No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

25.    Wherefore, based upon the foregoing, the Ombudsman respectfully requests that

the Court enter an order (a) granting this Application, (b) authorizing the Ombudsman to retain

and employ BIR in this Case effective as of April 1, 2017, and (c) granting such other and further

relief as this Court may deem just and proper.

Dated: New York, New York
       April 6, 2017

                                       **MELANIE L. CYGANOWSKI, SOLELY IN
HER CAPACITY AS THE COURT
APPOINTED PATIENT CARE OMBUDSMAN**


                                       By: /s/ *Melanie L. Cyganowski*
                                             Melanie L. Cyganowski